```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
             SOUTH BEND DIVISION
```

PAMELA BICKEL,                )
                              )
Plaintiff,                    )
                              )   CAUSE NO. 3:15-CV-00211
        vs.                   )
                              )
WAL-MART STORES EAST,         )
LP,                           )
                              )
Defendant.                    )

## OPINION AND ORDER

This matter is before the Court on Defendant Wal-Mart Stores, East, LP's Motion for Summary Judgment, filed on March 18, 2016 (DE #18). For the reasons set forth below, the motion (DE #18) is **GRANTED.** The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE** and to **CLOSE** this case.

BACKGROUND

This case arises out of a slip and fall accident. Plaintiff, Pamela Bickel ("Bickel"), fell while shopping in a Wal-Mart owned by Defendant, Wal-Mart Stores East, LP ("Wal-Mart") in Elkhart, Indiana. Bickel fell on a red substance that was on the floor, fractured her right knee cap, and sued in state court under a theory of negligence. On May 20, 2015, Wal-Mart removed the case to this Court. Wal-Mart now moves for summary judgment, arguing Wal-Mart had no knowledge or constructive notice of the substance

prior to the fall, and thus cannot be held liable.

DISCUSSION

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine dispute of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See Ogden v. Atterholt,* 606 F.3d 355, 358 (7th Cir. 2010). However, "a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (citations omitted).

A party opposing a properly supported summary judgment motion may not rely on allegations in his own pleading but rather must "marshal and present the court with the evidence [he] contends will

prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (citation omitted). If the non-moving party fails to establish the existence of an essential element on which he bears the burden of proof at trial, summary judgment is proper. *See Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

Undisputed Facts

On May 1, 2013, Bickel, her daughter (Melione), and another woman visited the Wal-Mart store on the west side of Elkhart, Indiana. Bickel and Melione were going up and down the aisles in the grocery section for "maybe half an hour" when Bickel slipped and fell. (Pamela Bickel Dep. at 32-35; Melione Bickel Dep. at 9-10.) They were in the aisle that contained detergents and air fresheners. (Pamela Bickel Dep. at 32-33; Melione Bickel Dep. at 9.) Bickel describes her fall as follows: "I was just walking along kind of beside of [Melione], talking. And all of a sudden, I took a step and it was like I stepped on glass. I thought it was water or something because my foot just went 'shoom' right out from under me." (Pamela Bickel Dep. at 34.)

Initially, Bickel did not see anything around her on the floor, but when she moved her leg, she saw a "red mark." (Pamela Bickel Dep. at 40.) Bickel felt it with her hands and it was "real

3

slick" it was "just one streak." (*Id.* at 41.) Bickel thought it was a gel air freshener. (*Id.* at 35.) She did not see any broken containers or spilled containers. (*Id.* at 43.) Bickel conceded during her deposition that she didn't know exactly where the substance came from, how long it was on the floor, or how long it was there before she fell. (*Id.*) In response to the question: "[y]ou didn't see any Walmart employees working in the aisle at the time you fell?" Bickel responded, "no." (*Id.* at 73.)

After her mother was placed in a wheelchair, Melanie also "noticed red stuff on the floor." (Melanie Bickel Dep. at 12.) Melanie believes she touched it, and it was wet, red stuff on the floor. (*Id.* at 15-16.) Melanie also admits she did not know exactly what the substance was, how it got to be on the floor, or how long it was there before her mother fell. (*Id.* at 16.) When asked "[d]id you see any Walmart employees working in that area, the general area, of where the accident happened before it occurred?" Melanie answered "[n]o, I didn't." (*Id.* at 20.)

Wal-Mart has policies and procedures in place that are aimed at discovering spills. (Def.'s Ex. C, Wal-Mart Answer to Interrogatory 8.) For example, Wal-Mart corporate policies require employees to perform periodic checks for safety and cleanliness in high traffic areas in the store, known as "safety sweeps." (Def.'s Ex. D.) The store where the incident occurred requires its employees to make visual inspections every 20 minutes in each

4

department and maintenance personnel are required to conduct safety sweeps of the entire store every two hours. (Def.'s Ex. C; Wal-Mart Answer to Interrogatory No. 8.) Wal-Mart said it was "unknown" when any employee inspected the site prior to the accident. (*Id.*, Interrogatory 6.)

Bickel fractured her right knee cap, had surgery, and alleges that she continues to suffer ongoing pain and instability in her knee.

Motion for Summary Judgment

Under Indiana law,[1] a plaintiff asserting a claim of negligence must prove that a duty was owed by the defendant to the plaintiff, that the duty was breached, and that the breach proximately caused plaintiff to suffer an injury. *Ford Motor Co. v. Rushford,* 868 N.E.2d 806, 810 (Ind. 2007). "[N]egligence cannot be inferred from the mere fact of an accident" nor may it "be established through inferential speculation alone." *Hale v. Cmty. Hosp. Of Indianapolis, Inc.*, 567 N.E.2d 842, 843 (Ind. Ct. App. 1991); *see also Miller v. Monsanto Co.*, 626 N.E.2d 538, 541 (Ind. Ct. App. 1993) ("All of the elements of a negligence action must be supported by specific facts designated to the trial court or reasonable inferences that might be drawn from those facts.").

---

[1] The parties do not dispute that Indiana substantive law applies to this diversity suit.

5

Because negligence cases are highly fact sensitive, it is rare that summary judgment is appropriate. *Wabash Cnty. Young Men's Christian Ass'n, Inc. v. Thompson*, 975 N.E.2d 362, 365 (Ind. Ct. App. 2012)(citing *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind. 2004)). "Nevertheless, a defendant is entitled to judgment as a matter of law when the undisputed material facts negate at least one element of the plaintiff's claim." *Id*. (citing *Rhodes*, 805 N.E.2d at 385).

Bickel's negligence suit is based upon premises liability, and Bickel alleges she was an invitee. While an invitee is on the premises, a landowner owes that person a "duty to exercise reasonable care for the invitee's protection." *Henderson v. Reid Hosp. and Healthcare Servs.*, 17 N.E.3d 311, 315 (Ind. Ct. App. 2014). That duty is breached if the landowner:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Hale v. SS Liquors, Inc.*, 956 N.E.2d 1189, 1192 (Ind. Ct. App. 2011) (quoting Restatement (Second) of Torts § 343 (1965)). The plaintiff carries the burden of proving each of these elements. *Hi-Speed Auto Wash, Inc. v. Simeri*, 346 N.E.2d 607, 608 (Ind. Ct.

App. 1976); *see also Robinson v. Walmart Stores, East, LP*, No. 3:08-cv-31-WGH-RLY, 2009 WL 127029, at *4 (S.D. Ind. Jan. 20, 2009).

Under Indiana law, "an invitor is not the insurer of the invitee's safety, and before liability may be imposed on the invitor, it must have actual or constructive knowledge of the danger." *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012). As the Indiana Court of Appeals has explained, refusing to require evidence of such knowledge or notice would essentially give rise to strict liability for slip-and-falls in places of business. *Id*. ("Short of imposing a strict liability standard or mandating an employee's presence in every aisle at all times, we conclude that there is no genuine issue of fact in the case before us that Kroger did not have constructive knowledge of the hazardous condition."). Wal-Mart asserts that Bickel's claim fails because she cannot demonstrate that Wal-Mart had knowledge or constructive knowledge of a dangerous condition.

Bickel has pointed to no evidence that Wal-Mart had actual knowledge of the red substance on the floor. Therefore, in order to survive summary judgment, she must point to evidence sufficient to raise a genuine question regarding constructive notice. "There is constructive knowledge when a condition has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the invitor had used

7

ordinary care." *Gasser Chair Co., Inc., v. Nordengreen*, 991 N.E.2d 122, 126-67 (Ind. Ct. App. 2013); *see also Torrez v. TGI Friday's Inc.*, 509 F.3d 808, 811 (7th Cir. 2007) ("[o]f critical importance is whether the substance that caused the accident was there a length of time so that in the exercise of ordinary care its presence should have been discovered."). "Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice." *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d at 479, 482 (7th Cir. 2008)(citations omitted).

Bickel argues that the deposition testimony shows that no Wal-Mart employees were working in the "general area" where Bickel was shopping for approximately half an hour prior to the accident, and this testimony sufficiently raises the issue of whether Wal-Mart should have discovered the dangerous condition. The exact deposition testimony is as follows: when Melanie was asked "[d]id you see any Walmart employees working in that area, the general area, of where the accident happened before it occurred?" Melanie answered "[n]o, I didn't." (Melanie Bickel Dep. at 20.) When Bickel was asked: "[y]ou didn't see any Walmart employees working in the aisle at the time you fell?" Bickel responded, "no." (Pamela Bickel Dep. at 73.) Bickel and her daughter had been going up and down the aisles before she fell, and it is undisputed that she had not been down the aisle in which she fell prior to her

actual fall. (Pamela Bickel Dep. at 32, 33, 43; Melione Bickel Dep. at 9.) As such, this testimony does not indicate that a Wal-Mart employee had not performed a safety sweep of the aisle in question for more than 30 minutes prior to the fall. It merely states that neither Bickel nor her daughter saw Wal-Mart employees in the aisle, or the general vicinity of the aisle, when she fell. This showing is insufficient to avoid summary judgment, as Indiana law does not give landowners the impossible responsibility of constantly monitoring the entire premises and immediately removing any slip hazard. *See Henderson*, 17 N.E.3d at 316-19; *Schulz*, 963 N.E.2d at 1145 (granting summary judgment for landowner and noting Indiana law does not require "an employee's presence in every aisle at all times"); *see also Howard v. Wal-Mart Stores, Inc.*, 160 F.3d 358, 359 (7th Cir. 1998) ("Wal-Mart is not required to patrol the aisles continuously, but only at reasonable intervals."). Moreover, even if Wal-Mart did not comply with its own operating procedures, "[t]he law has long recognized that failure to follow a party's precautionary steps or procedures is not necessarily failure to exercise ordinary care." *Wal-Mart Stores, Inc. v. Wright*, 774 N.E.2d 891, 894 (Ind. 2002).

Plaintiff has submitted no evidence as to how long the red substance may have been on the floor. Indeed, both Bickel and Melione admit they do not know how long it was there (Pamela Bickel Dep. at 43; Melione Bickel Dep. at 16) and they have not produced

9

any video surveillance or any other evidence or testimony on this subject. As Wal-Mart has pointed out, this case is similar to *Dowling v. Cleveland Clinic Foundation*, 593 F.3d 472, 474-75 (6th Cir. 2010), where the plaintiff slipped on a puddle in a hallway near the Cleveland Clinic's cafeteria. The plaintiff had no knowledge or evidence showing how long the puddle had been on the floor prior to her fall. *Id.* at 477. The Clinic's employees monitored the area. *Id.* at 475. Based upon the evidence of the Clinic's policies and lack of evidence of knowledge or notice of the puddle, the Sixth Circuit affirmed the district court's granting of summary judgment. *Id.* at 477-78; *see also Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 651 (7th Cir. 2014) (granting summary judgment where, among other things, plaintiff "fail[ed] to meet her burden of demonstrating Wal-Mart's constructive notice of the puddle because she present[ed] next to no evidence of how much time elapsed between the spill and the fall.").

While all reasonable inferences must be drawn in favor of Bickel, she has produced no evidence whatsoever about how long the red substance may have been present. As already noted, under federal summary judgment procedures, the burden to produce evidence to overcome summary judgment rests with Bickel. Bickel condemns Wal-Mart for failing to produce evidence showing when the area Bickel fell was last cleaned, and argues:

> Though there is no testimony as to how long the red
> foreign substance was on the floor, this is not

10

> fatal to the Plaintiff's case. Wal-Mart is
> unquestionably in the superior position to
> establish how and when the substance came to be on
> the floor. It would be near impossible for Pamela
> Bickel to do the same. In this instance, the
> reasonable inference to be drawn is that Wal-Mart
> by failing to designate evidence - whether video or
> affidavit - cannot establish that the red foreign
> substance was on the floor for such a short time as
> to excuse it from wrongdoing.

(DE #20 at 8.) However, under federal standards, Wal-Mart does not have an obligation to present affidavits or any other testimony on this topic because Wal-Mart does not bear the burden of proving a lack of constructive knowledge. As the Court recognized in *Adkins v. Meijer Stores Limited Partnership*, No. 1:05-cv-1422-JDT-WTL, 2006 WL 2916834, at *3 (S.D. Ind. Oct. 10, 2006):

> This case, to borrow a line used by the Indiana
> Court of Appeals last year, exposes the differences
> between the federal and state standards for motions
> of summary judgment. *See Dennis v. Greyhound
> Lines, Inc.*, 831 N.E.2d 171, 173 (Ind. Ct. App.
> 2005). The Indiana Supreme Court has discussed how
> these differing standards affect summary judgment
> procedures. *Jarboe v. Landmark Cmty. Newspapers of
> Ind.*, 644 N.E.2d 118, 123 (Ind. 1994). Under
> Indiana law, a defendant seeking summary judgment
> must negate the plaintiff's claim by establishing
> that no genuine issue of material fact exists. *Id.*
> Only then does the burden shift to the plaintiff to
> show the existence of a genuine issue. *Id.* In
> contrast, a defendant in federal court need only
> state a basis for alleging the absence of any
> genuine issue and identify the facts supporting
> this assertion. *Id.* (citing *Celotex*, 477 U.S. at
> 323). The burden then shifts to the plaintiff to
> demonstrate the existence of a genuine issue for
> trial. *Id.* As the Indiana Supreme Court stated,
> "Indiana does not adhere to *Celotex* and the federal
> methodology." *Id.* But federal courts do.

Applying the proper summary judgment standard, Bickel has produced no evidence from which a reasonable jury could infer that Wal-Mart had constructive knowledge of the red substance. Because she has failed to satisfy her burden, the negligence claim against Wal-Mart fails and summary judgment is appropriate.

CONCLUSION

For the reasons set forth above, Defendant Wal-Mart Stores, East, LP's Motion for Summary Judgment (DE #18) is **GRANTED.** The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE** and to **CLOSE** this case.

**DATED: September 26, 2016**         /s/ RUDY LOZANO, Judge
                                       **United States District Court**